In the Matter of the Application of QUEENS COUNTY BAR ASSOCIATION in Respect of WILLIAM A. MOLLER, an Attorney and Counselor at Law.— The respondent has displayed gross carelessness and a reprehensible indifference to his client's interests, as he has to his own in this proceeding before the bar association and the official referee as well as in this court, for which he is hereby censured. He might, to some extent, relieve himself of the effect of this censure by returning to his client the sum of fifty-five dollars which, although unearned, he retains. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

JOHN M. YEAGER, Appellant, v. CO-OPERATIVE FIRE UNDERWRITERS ASSOCIATION OF NEW YORK STATE, Respondent. (Appeals Nos. 1 and 2.) — Motion for reargument of appeals denied, with ten dollars costs. Motions for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

HANNAH BARNETT and Others, as Trustees under a Deed of Trust Dated May 1, 1929, and Supplemental Trust Agreement Dated December 26, 1929, Appellants, v. SIMON H. KUGEL, Individually and as Trustee under Said Deeds of Trust, Respondent.— On argument, order in so far as it denies appellants' motion to be relieved from printing in their entirety in the record on appeal herein plaintiffs' exhibits numbered 41, 42, 44 and 45 for identification, embraced in the 113th amendment proposed by respondent, reversed on consent and motion granted, without costs. It is directed that there be printed in the record on appeal the text or summary statement of the examiners' reports contained in such exhibits; the original exhibits to be submitted to the court upon the argument of the appeal. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

ELIZABETH BERGMAN, Respondent, v. ANTONIO SANTAMARIA, Appellant.— In an action to recover the balance due on two consolidated bonds, the defendant, in his answer, alleges the bonds were solely secured by mortgages executed simultaneously with the bonds, and that the value of the mortgaged property, less the amount of prior incumbrances and liens, exceeds the amount due on the bonds, and demands that the value of the mortgaged property, with such deductions, be set off against the amount due. Plaintiff moved to strike out the answer and for summary judgment and for an assessment of damages. The answer alleges a complete defense. ( Union Trust Co. v. Vetromile, 239 App. Div. 562; Civ. Prac. Act, § 1083-b.) While defendant did not submit an affidavit showing such facts as may be deemed sufficient to entitle him to a trial, the moving affidavit admits the answer raises a triable issue. Order granting summary judgment reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.